IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.  06-10033-01-WEB & |
| | ) | 06-cm-60058-WEB |
| CARLOS CEJA-MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

On May 8, 2006, defendant Carlos Ceja-Martinez pled guilty in this district to one count of being found unlawfully in the United States after having previously been convicted of an aggravated felony and deported, in violation of 18 U.S.C. § 1326(a) & (b)(2).[1]

At the time of the above-mentioned offense, the defendant was still under a term of supervised release in the U.S. District Court for the Western District of Texas.  The supervision arose out of defendant's underlying aggravated felony conviction involving the importation of marijuana.  After the defendant was charged in the Kansas case (No. 06-10033), a petition was filed in the Western District of Texas to revoke defendant's supervised release in the Texas case.  Jurisdiction over the defendant's supervised release was subsequently transferred to the District of Kansas so both cases could be addressed in a single proceeding. [2]

The defendant came before this court on September 11, 2006, for sentencing in No. 06-10033

---

[1] The "Kansas case" is *United States v. Ceja-Martinez*, No. 06-10033-01-WEB, U.S. Dist. Ct., District of Kansas.

[2] The "Texas case" was Case No. EP-01-CR-1119DB(1), U.S. Dist. Ct., Western Dist. of Texas, El Paso Div.  After its transfer to the District of Kansas, the supervised release proceeding was assigned Case No.  06-cm-60058.

and for a supervised release violation hearing/sentencing in No. 06-cm-60058.  No objections were filed to the Presentence Report in No. 06-10033.  Additionally, the defendant admitted the violations of supervised release alleged in the Violation Report in No. 06-cm-60058.  The defendant argued, however, that the sentence in No. 06-cm-60058 should run concurrently with the sentence in No. 06-10033, because the conduct constituting the supervised release violation was already taken into account in the guideline range for No. 06-10033, and because the defendant's motivation for the illegal re-entry offense was to help his family and to see his children.

With regard to No. 06-cm-60058, the court noted that the policy statements in chapter 7 recommend a custodial sentence of 18 to 24 months for this violation, with the sentence to run consecutive to any term of imprisonment imposed in No. 06-10033.  *See* USSG § 7B1.3, p.s. (f) (term of imprisonment upon revocation shall be consecutive to any sentence of imprisonment defendant is serving, whether or not the sentence of imprisonment resulted from the conduct that is the basis of the revocation).  The court also recognized that this recommendation was advisory only and that the court retained discretion to run the sentences concurrently or consecutively.  The court concluded, however, after considering all of the relevant factors in § 3553(a) -- including the need to provide deterrence to the defendant and to others, as well as the defendant's significant prior history of violating conditions of probation -- that a custodial sentence of 18 months' imprisonment consecutive to the term of imprisonment in Case No. 06-10033 was warranted and represented an appropriate sentence in No. 06-cm-60058.  *Cf. United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006).

As for Case No. 06-10033, the court further found after consideration of the factors in 18 U.S.C. § 3553(a) that a custodial sentence at the low end of the advisory guideline range -- i.e., 77

months -- was an appropriate sentence. The court notes that this sentence, when considered with the consecutive sentence in No. 06-cm-60058, will result in a combined term of imprisonment of 95 months, which is within the advisory guideline range of 77 to 96 months applicable in Case No. 06-10033.

*Conclusion*.

The defendant's request to run the sentences in Case No. 06-cm-60058 and Case No. 06-10033 concurrently is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 12th Day of September, 2006, at Wichita, Ks.

s/Wesley E. Brown

Wesley E. Brown
U.S. Senior District Judge